**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MEGGS, ) | |
| ) Plaintiff(s), ) | Case No. 2:15-cv-01299-JAD-NJK |
| ) vs. ) | ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT |
| MARLOU CORPORATION, ) ) | (Docket No. 13) |
| ) Defendant(s). ) | |

      Pending before the Court is a motion for a more definite statement. Docket No. 13. Plaintiff filed a response and Defendant filed a reply. Docket Nos. 14, 15. Motions for a more definite statement are disfavored and rarely granted. *See, e.g.*, *Russell Road Food & Beverage, LLC v. Galam*, 2013 WL 6684631, *2 (D. Nev. Dec. 17, 2013). A motion for a more definite statement is made pursuant to Rule 12(e), which requires the filing of an amended pleading where the initial pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." *See also Woods v. Reno Commodities, Inc.*, 600 F. Supp. 574, 580 (D. Nev. 1984) ("Rule 12(e) is designed to strike at unintelligibility, rather than want of detail"). Even when a defendant argues that a complaint violates the requirement of Rule 10(b) that paragraphs in pleadings be limited to separate facts, the Court's focus remains on whether the defendant is able to provide a meaningful response. *See, e.g., Wimbledon Fund, SPC v. Graybox, LLC*, 2015 U.S. Dist. Lexis 157348, *16-17 & n.1 (C.D. Cal. Nov. 23, 2015) (denying relief under both Rule 10(b) and Rule 12(e) because the complaint was sufficiently pled for defendants to understand the claims and meaningfully file a responsive pleading).

Defendant argues that Plaintiff's complaint violates Rule 10(b) by combining factual allegations within paragraphs of the complaint. Defendant argues that the complaint similarly violates Rule 8. Nonetheless, Defendant has failed to establish that the complaint is so confusing that it cannot properly respond. Accordingly, the motion for more definite statement is **DENIED**.

IT IS SO ORDERED.

DATED: January 5, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge